HOGAN et ux. v. BUJA.

(District Court, E. D. Louisiana, New Orleans Division. January 13, 1920.)

No. 16018.

1. ADMIRALTY ⊙⇒2—UNDER SAVING CLAUSE, INJURED SERVANT MAY PROCEED IN ADMIRALTY, AT COMMON LAW, OR UNDER WORKMEN'S COMPENSATION ACT.

Under Judicial Code, § 24, par. 3 (Comp. St. § 991), saving to suitors in admiralty their rights at common law and under Workmen's Compensation Acts, a person injured by a tort cognizable in admiralty may proceed in admiralty, at common law, or under the provisions of a workmen's compensation act.

2. MASTER AND SERVANT ⊙⇒401—PLEADING IN ADMIRALTY PAYMENT OF WORKMEN'S COMPENSATION.

Under Judicial Code, § 24, par. 3 (Comp. St. § 991), saving to admiralty claimants rights to workmen's compensation, an exception of no cause of action to a libel for personal injuries will not be sustained, where the libel fails to show that a workmen's compensation award had been received; but, if an award has been received, that fact may be set up in defense, for admiralty courts will not permit two recoveries for the same tort.

In Admiralty. Libel by Mr. and Mrs. John Hogan, for the use and benefit of their minor son, Alvin Joseph Coffey, against Albert J. Buja. Exceptions to libel overruled, and respondents allowed 10 days to file an answer.

Daniel Wendling, of New Orleans, La., for libelants.
Gordon Boswell, of New Orleans, La., for respondent.

FOSTER, District Judge. This is a libel in personam, brought on behalf of a minor for personal injuries. It appears from the allegations of the libel that the said minor was employed as a longshoreman by the respondent, who is a stevedore, and the injuries occurred on board the steamship Nondrallie, while lying in the Mississippi river at New Orleans.

An exception of no cause of action has been filed. It is contended on behalf of respondent that the amendment to paragraph 3, section

24, of the Judicial Code adopted October 6, 1917 (Comp. St. § 991), "saving * * * to claimants the rights and remedies under the workmen's compensation law of any state," deprives the admiralty courts of jurisdiction in any state where a workmen's compensation law is in force and effect. It does not appear from the libel that any settlement has been made under the compensation laws of Louisiana (Act 20 of 1914 and amendments); but, as it is conceded in argument, that fact may be considered in determining this exception.

As paragraph 3 of section 24, Judicial Code, was originally enacted, it granted admiralty and maritime jurisdiction to District Courts of the United States, "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it," and it is well settled that the state courts had jurisdiction of a suit not in rem to recover damages for an admiralty tort, and the injured party might elect whether to sue at common law or in admiralty.

[1] I can see no difference with regard to the workmen's compensation laws, and therefore the person injured, in a case of tort cognizable in admiralty, may elect whether to proceed in admiralty, at common law or under the provisions of the workmen's compensation law, where it exists.

[2] If a settlement has been made in this case in such a manner as to exclude any further recovery, that fact may be set up in defense, as courts of admiralty administer the broadest equity, and would not permit two recoveries for the same tort. That is a question to be decided on the merits. If the facts set up in the answer in this case warrant it, a trial may be had on that issue, separate from the other questions involved in the case.

The exception will be overruled; respondent to have 10 days in which to file an answer.